# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **EDWARD NEWMAN JR.,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**HEARD & SMITH, L.L.P.**, a Texas company,<br><br>*Defendant.* | Case No.   5:24-cv-1440<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Edward Newman Jr. ("Plaintiff Newman" or "Newman") brings this Class Action Complaint and Demand for Jury Trial against Defendant Heard & Smith, L.L.P. ("Defendant Heard & Smith") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by placing unsolicited pre-recorded calls without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Newman, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Newman is a resident of Devine, Texas.

2. Defendant Heard & Smith is a Texas company headquartered in San Antonio, Texas. Defendant Heard & Smith conducts business throughout Texas and the U.S.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because Defendant Heard & Smith has its headquarters in this District.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant Heard & Smith has its headquarters in this District and the wrongful conduct giving rise to this case was directed from the Defendant from and into this District where the Plaintiff resides.

## INTRODUCTION

6. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service "YouMail," 4.9 billion robocalls were placed in October 2024 alone, at a rate of 158.4 million per day. www.robocallindex.com (last visited December 2, 2024).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14. Defendant Heard & Smith assists consumers in obtaining social security disability benefits using its disability attorneys.[3]

15. Defendant Heard & Smith places calls to consumers to qualify and retain consumers as clients who want to obtain social security benefits.

16. The calls that Defendant Heard & Smith place are solicitations, as the Defendant obtains compensation from consumers if it can help the consumers obtain social disability benefits:

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/heard-&-smith-llp/about/

3



17.     Former Heard & Smith employees have posted complaints about the telemarketing they had to engage in to generate business, including:

**More Call Center than Law Firm**

Intake Specialist-IntakeJet (Former Employee) - San Antonio, TX - May 19, 2024

It started out good then tge management changed. It ended up being ran like West Telemarketing. No one in the department had a law background except myself. We were extremely micromanaged. Raises were terrible, only 10 cents per year. There is no room for advancement.

[5]

---

[4] https://www.heardandsmith.com/our_fees_ss.html
[5] https://www.indeed.com/cmp/Heard-and-Smith,-LLP-1/reviews

4

> **Okayish Job**
>
> Intake Specialist (Former Employee) - Remote - September 22, 2021
>
> I worked as an intake specialist. The benefits here are good as this is my first job with benefits so i really have nothing to compare to. Theyre pretty lenient with time off and I have had no issues with it. My co-workers and managers are very nice and never had issues with them. My only issue was with the work itself. It is sooooo tedious and mundane. Yes, there is the benefit of helping people but the job was the same day in and day out. I got bored of it 2 months in and was ready to leave. Of course, it was disclosed that this is a call center environment, but as a law firm, it really shouldn't be. The number of phone calls we make to "leads" should be considered harassment. I mean if someone called me as much as we had to call some leads id be enraged. Also, pay is below average and there's no mention of a raise. So, if you're someone who likes repetitiveness with no room for growth, the intake specialist position is great for you. If not, run away fast![6]

18. The Defendant places unsolicited pre-recorded calls, often times to cellular phone numbers, as per Plaintiff's experience.

19. Consumers have posted complaints about pre-recorded calls that they received from Heard & Smith, including this Yelp review stating, "he *robo called me* to ask about any disabilities but somehow I got disconnected. I called them back and after 15 minutes on music the lady answered. when I complained about them *calling me on my cell phone with a robo call* she said I was rude and hung up. I would never use a company that robo call someone and the hangs up on them when they complain. they must be a lousy company."[7] (emphasis added)

20. In response to these calls, Plaintiff Newman brings this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, and an award of statutory damages to the members of the Class and costs.

---

[6] Id.

[7] https://www.yelp.com/biz/heard-and-smith-llp-san-antonio

**PLAINTIFF NEWMAN'S ALLEGATIONS**

21. Plaintiff Newman is the subscriber and the sole user of the cell phone number ending with 7363.

22. On October 10, 2024 at 3:19 PM, Plaintiff Newman received an unsolicited call to his cell phone from 817-512-5942.

23. This call was not answered, but a pre-recorded voicemail was left stating:

"Hello, this is Grayson with Heard & Smith calling to offer you a free consultation to see if you qualify for social security disability. If you could return this call at your earliest convenience. Our number is 877-492-4242. And any disability specialist answering the phone will be able to assist you."[8]

24. Plaintiff Newman believes that this voicemail was pre-recorded because it is generic and does not address the Plaintiff by his name, ends with 4 seconds of dead silence, and because this voicemail sounds significantly different from the other *live* voicemails that he received from Heard & Smith in its speed, tone, and that it doesn't address the Plaintiff by name.

25. 877-492-4242 is owned/operated by Heard & Smith:



[9] [10]

---

[8] https://www.dropbox.com/scl/fi/cge231a0t3ernoazsommd/voicemail-1462.m4a?rlkey=bgmdu7eeytssex0o856f54ogq&dl=0

[9] https://www.merchantcircle.com/heard-smith-mcallen-tx

[10] Also confirmed independently by Plaintiff's attorneys.

6

26. 817-512-5942 is also owned/operated by Heard & Smith.[11]

27. Plaintiff Newman received 3 additional calls from 817-512-5942, all of which were not answered but which resulted in a voicemail.

28. On October 10, 2024 at 6:38 PM, Plaintiff received a call to his cell phone from 817-512-5942.

29. This call was not answered, but a live voicemail was left stating:

"Hello, this message is for Edward. This is (undecipherable) with Heard & Smith calling to offer you a free consultation to see if you qualify for the social security disability benefits. Would be please return this call at your earliest convenience at 877-492-4242. And any disability specialist answering the phone will be able to assist you."[12]

30. On October 11, 2024 at 9:13 AM, Plaintiff received a call to his cell phone from 817-512-5942.

31. This call was not answered, but a live voicemail was left stating:

"Hello, this message if Edward. This is Natasha with Heard & Smith calling to offer you a free consultation to see if you qualify for social security disability. Would you please return this call at your earliest convenience at 1-877-492-4242. 877-492-4242. Any disability specialist answering the phone will be able to help you."[13]

32. On October 11, 2024 at 4:32 PM, Plaintiff received a call to his cell phone from 817-512-5942.

33. This call was not answered, but a live voicemail was left stating:

"Hello, this message if Edward Newman. This is Sheryl Lee with Heard & Smith calling to offer you a free consultation to see if you qualify for social security disability. Would you please return this call at your earliest convenience at 1-877-492-4242. 1-877-492-4242. Any disability specialist answering the phone will be able to help you. Thank you."

---

[11] Based on an investigation conducted by Plaintiff's attorneys.
[12] https://www.dropbox.com/scl/fi/3m7bdknyqrmaedji44lp6/voicemail-1465.m4a?rlkey=8medxzbqt3wylzze6suwp2xf5&dl=0
[13] https://www.dropbox.com/scl/fi/7ibtkle36edbxdzaqzglo/voicemail-1466.m4a?rlkey=lsl77urthjp1jk4v3ybl3092x&dl=0

34. These 3 voicemails all contain background sounds, the caller asks for Plaintiff by name, and the voicemail intonation sounds natural.

35. Plaintiff Newman has never provided his cell phone number to Defendant Heard & Smith in any context or consented to be called by them. The pre-recorded voicemail that he received was unsolicited.

36. The unauthorized solicitation telephone call that Plaintiff received from or on behalf of the Defendant have harmed Plaintiff Newman in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone.

37. Seeking redress for these injuries, Plaintiff Newman, on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

38. Plaintiff Newman brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) the Defendant called on their cellular telephone number (2) using an artificial or pre-recorded voice.

39. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released.

Plaintiff Newman anticipates the need to amend the Class definition following appropriate discovery.

40. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

41. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant placed pre-recorded voice message calls to Plaintiff and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

(b) whether the calls constitute a violation of the TCPA;

(c) whether members of the Class are entitled to treble damages based on the wilfulness of Defendant's conduct.

42. **Adequate Representation**: Plaintiff Newman will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Newman has no interests antagonistic to those of the Class, and the Defendant have no defenses unique to Plaintiff. Plaintiff Newman and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Newman nor his counsel have any interest adverse to the Class.

43. **Appropriateness**: This class action is also appropriate for certification because the Defendant have acted or refused to act on grounds generally applicable to the Class and as a whole,

thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant' business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant' conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Newman. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant' actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### FIRST CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Newman and the Pre-recorded No Consent Class)**

44. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

45. The Defendant transmitted unwanted telephone calls to Plaintiff Newman and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

46. These pre-recorded voice calls were made *en masse* without the prior express consent of the Plaintiff and the other members of the Pre-recorded No Consent Class.

47. The Defendant have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant' conduct, Plaintiff and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant' actions, as set out above, violate the TCPA;

d) An injunction requiring the Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Newman requests a jury trial.

**EDWARD NEWMAN JR.**, individually and on behalf of all others similarly situated,

DATED this 16th day of December, 2024.

By: /s/ Nayeem N. Mohammed
Nayeem N. Mohammed (local counsel)*
Law Office of Nayeem N. Mohammed
539 W. Commerce St.
Ste 1899
Dallas, TX 75208
972-767-9099
Email: nayeem@nnmpc.com
*Local counsel

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.

11

237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*